UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| IDA M. HEAD, ET AL | CIVIL ACTION NO. 08-cv-1449 |
| VERSUS | JUDGE JAMES |
| GRAPHIC PACKAGING INTERNATIONAL, INC. | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Plaintiffs filed this civil action based on an assertion of diversity jurisdiction. They allege that they are the surviving siblings of Ray Goins, who died at work after his supervisor ordered him to return to work inside an intensely heated building. Plaintiffs alleged that Mr. Goins' death was caused by an intentional act outside the exclusivity rule of the Louisiana worker's compensation law. Before the court is a Motion to Dismiss (Doc. 4) filed by defendant Graphic Packaging International, Inc.

Graphic's first argument is that Plaintiffs did not adequately allege their citizenship to establish a basis for diversity jurisdiction. Plaintiffs responded by filing an Amended Complaint (Doc. 15) that (1) identifies each plaintiff as a citizen of either Louisiana or Texas and (2) alleges that Graphic is a Delaware corporation with its principal place of business in Georgia. Graphic concedes in its reply brief that the citizenship of the parties is now adequately alleged, and the undersigned finds that there is an adequate factual basis in the complaint (as amended) to support the exercise of diversity jurisdiction.

Graphic's second argument is that a prayer in the original complaint for punitive damages is not supported by law. Plaintiffs' amended complaint deleted the claim for punitive damages, and Plaintiffs state in their memorandum (Doc. 8) that they "voluntarily withdraw their claim for punitive damages." This issue is now moot.

Graphic's final argument attacks a prayer in the complaint "for attorney fees for the prosecution of this cause." Graphic argues that, under Louisiana law, attorney fees are allowed only when provided by statute or the provisions of a contract between the parties. Plaintiffs did not delete this aspect of the prayer in their amended complaint. They urge that there are exceptions to Louisiana law recognized in cases such as Gauthreaux v. Gauthreaux, 315 So.2d 402 (La. App. 3rd Cir. 1975). None of the cited exceptions, such as dissolution of a TRO or injunction of an illegal seizure, would even arguably apply in this tort case, and Gauthreaux recognized the long-standing rule in Louisiana that: "Generally, recovery of attorney's fees is allowed only when authorized by statute or contract." Id. at 403.

The Fifth Circuit has, pursuant to Erie, examined this issue and stated: "In Louisiana, attorney's fees usually are *not* allowed in civil actions in the absence of a statute or contract." F.D.I.C. v. Barton, 233 F.3d 859, 865 (5th Cir. 2000). See also Sher v. Lafayette Ins. Co., 988 So.2d 186, 201 (La. 2008) ("Louisiana courts have long held that attorney's fees are not allowed except where authorized by statute or contract"); and Huddleston v. Bossier Bank & Trust Co., 475 So.2d 1082, 1085 (La. 1985) ("Attorney fees are not allowed except where

authorized by statute or contract."). Plaintiffs have not identified any statute, contractual provision, or even jurisprudence that would permit an award of attorney fees in this tort suit.

Accordingly;

**IT IS RECOMMENDED** that the Motion to Dismiss (Doc. 4) be **granted in part** by **dismissing** Plaintiffs' claim for attorney fees, and it is recommended that the motion be **denied** in all other respects.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of February, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE