RECEIVED
IN LAKE CHARLES, LA.

SEP 15 2010

TONY R. MOORE, CLERK
BY _____
             DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| IDA M. HEAD, ET AL. | CIVIL ACTION NO. 08-1449 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| GRAPHIC PACKAGING INTERNATIONAL, INC., ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by defendants as to all claims against them in the above captioned suit.[1]  For the reasons discussed herein, the court finds that defendants' motion should be GRANTED.

## I.    BACKGROUND

Plaintiffs, Ida M. Head, Henry J. Goins, Lillie Wallace, Gladys D. Goins, Lottie G. Allen, Harvey Goins, Garland Goins, Farmer Goins, Jr., Fannie L. Williams, Maddison Goins and Vincent W. Goins are the surviving siblings of Ray Charles Goins ("Goins") who suffered a fatal heart attack on July 28, 2008 during his shift at the Graphic Packaging International, Inc. plant in West Monroe, Louisiana.[2]  Goins was not survived by spouse or children.[3]  Plaintiffs allege that, on that day, Goins left his work station and took a short break to escape what is alleged to be a work environment with

---

[1] R. 35.

[2] R. 15 at ¶¶ 2, 5, 8.

[3] Id. at ¶ 4.

1

temperatures exceeding 100 degrees Fahrenheit.[4]  Plaintiffs further allege that, while on break, Goins was informed by his supervisor, Sonny Oliver, that he must return to work immediately or forfeit five (5) days' leave time as punishment.[5]  Upon returning to his work station, Goins suffered a heart attack and was pronounced dead later that day at an area hospital.[6]

Plaintiffs assert claims in tort against defendant Graphic Packaging, Inc. ("GPI") and its liability insurer, Liberty Mutual Insurance Company ("Liberty Mutual") arising out of Goins' death. Plaintiffs specifically assert that GPI breached its duty of care toward Goins and that Oliver's statements to Goins shortly before his death rise to the level of intentional act, placing plaintiffs' claims outside the scope of the Louisiana Workers' Compensation Act ("Act").[7]  Plaintiffs claim damages for mental and emotional distress, pain and suffering, loss of companionship, love and affection, as well as medical and funeral expenses.[8]

Defendants GPI and Liberty Mutual filed the instant motion for summary judgment alleging that no genuine issue of material fact exists as to their entitlement to judgment in their favor in this case.  We address the law and argument advanced by the parties below.

## II.   APPLICABLE STANDARD

Summary judgment is appropriate when the

pleadings, the discovery and disclosure materials on file, and any

---

[4]Id. at ¶ 6.

[5]Id. at ¶ 7.

[6]Id. at ¶ 8.

[7]Id. at ¶¶ 9-14; La. R.S. 23:

[8]Id. at ¶ 17.

2

affidavits show that there is no genuine issue as to any material
fact and that the movant is entitled to judgment as a matter of law.[9]

In reviewing such evidence, the court will draw all justifiable inferences in favor of the non-moving party.[10] An issue of fact is "genuine" when its resolution determines the non-moving party's entitlement to relief.[11]

Once the movant has demonstrated "an absence of evidence to support the non-moving party's case," the burden shifts to the non-moving party to come forward with specific facts showing a genuine issue of fact for trial.[12] Conclusory allegations and denials, speculation, improbable references, unsubstantiated assertions and legalistic argumentation are not an adequate substitute for specific facts showing that there is a genuine issue of fact necessitating trial.[13] The court will not assume that the non-moving party will meet its burden in the future, as such party is obligated to respond affirmatively to a motion for summary judgment and may not rest upon the pleadings without specific factual allegations in support of these claims.[14]

Although the movant must demonstrate a lack of evidence as to one or more necessary elements of the non-moving party's case, it is not necessary that the movant negate the elements of

---

[9]Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[10]Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

[11]Anderson, 477 U.S. at 248.

[12]Celotex, 477 U.S. at 325; Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[13]SEC v. Recile, 10 F.3d 1093, `097 (5th Cir. 1993).

[14]Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990)).

3

the non-moving party's case.[15]  If the movant fails to meet this initial burden, the motion must be

denied, regardless of the non-moving party's response.[16]

## III.    ANALYSIS

Defendants' motion first asserts that summary judgment is appropriate in this case on the

basis that plaintiffs' claims fall within the scope of the Act and, as such, plaintiffs have no right of

action as non-dependent surviving siblings under the express provisions of the Act.  Plaintiffs deny

this allegation, arguing that, pursuant to La. R.S. 23:1021(8)(e), Goins' heart attack should not be

considered a personal injury by accident arising out of and in the course of employment because it

is not alleged that

> the physical work stress was extraordinary and unusual in comparison
> to the stress or exertion experienced by the average employee in that
> occupation, and
>
> the physical work stress or exertion, and not some other source of stress
> or preexisting condition, was the predominant and major cause of the
> heart related or perivascular injury, illness, or death.[17]

Instead, plaintiffs argue that GPI willfully breached its obligation to Goins to provide a

reasonably safe work environment by ignoring historic and recent complaints by Goins and other

workers concerning the high temperatures inside the plant.[18]  Plaintiffs also assert that Oliver's threat

to dock Goins five (5) days of leave for leaving his work station was a willful and deliberate act

---

[15]Id., citing Celotex, 477 U.S. at 323 and Lujan, 497 U.S. at 885-86.

[16]Id.

[17]La. R.S. 23:1021(8)(e)(i)-(ii); R. 37-3 at pp. 3-7.

[18]R. 37-3 at p. 3.

which resulted in Goins' death.[19]  Plaintiffs argue that their claims are tort claims, not workers' compensation claims, and should be evaluated under applicable Louisiana tort law.

Our review of plaintiffs' complaint, as well as the briefs submitted in opposition to defendants' motion, indicates that plaintiffs' claims fall outside the scope of the Act.  We find no argument by plaintiffs that Goins was subjected to physical work stress that was extraordinary when compared with that endured by co-workers or that such extraordinary stress was the major cause of Goins' fatal heart attack. It is undisputed by the parties that Goins died of a heart attack brought on by hypertensive arteriosclerotic disease.[20]  Accordingly, pursuant to La. R.S. 23:1021(8)(e), plaintiffs' claims in this suit are not subject to exclusive remedy under the Act.

The court notes that, were we to find that plaintiffs' claims fall within the exclusivity provision of the Act, we would have no choice but to dismiss plaintiffs' claims for want of right of action. As argued by defendants, and undisputed by plaintiffs, plaintiffs are the surviving siblings of Goins and were not dependent on him financially at the time of his death.[21]  Thus, under the Act, plaintiffs would not have a right to prosecute a workers' compensation claim against GPI on behalf of Goins because they do not fit the statutory definition of "legal dependents."

Having determined that plaintiffs allegations constitute tort claims, rather than claims under workers' compensation law, we evaluate them in light of the summary judgment evidence presented. The exact nature of plaintiffs' allegations are unclear.   At some points, it appears that plaintiffs contend that the alleged exchange between Oliver and Goins was the cause of Goins death.  At other

---

[19]R. 15 at ¶ 10.

[20]Autopsy Report of July 29, 2008 [R. 35-4] at pp. 6-11.

[21]R. 35-2 at p. 6; R. 35-6; La. R. S. 23:1251, 1252.

points, it seems that plaintiffs are alleging that the  general working conditions, namely the heat, constituted a breach of a duty owed by GPI to Goins as an employee.

To the extent that plaintiffs seek to impose liability on GPI for the alleged exchange between Oliver and Goins, we find that such vicarious liability claim must fail.  Plaintiffs allege that Oliver was Goins' supervisor and that he threatened to dock Goins five (5) days of leave if he did not return to his work station.[22]  Plaintiffs have produced no evidence of this exchange, other than their response to defendants' interrogatories naming "Isaac Harris" as the informant.  Moreover, an affidavit by Oliver submitted in support of defendants' motion refutes plaintiffs' account of the conversation completely.[23]  Oliver attests that he had no conversation with Goins on July 28, 2008 and was not his supervisor.[24]  Even if plaintiffs were able to produce an affidavit by Isaac Harris memorializing the information he alleges Goins communicated to him, such affidavit would constitute hearsay evidence under the Federal Rules of Evidence, as it would be offered to prove the truth of the matter asserted and not for impeachment.[25]  Subject to certain enumerated exceptions, hearsay evidence is inadmissible and is not, therefore, competent summary judgment evidence for our consideration.[26]  Accordingly, plaintiffs have failed to demonstrate the existence of a genuine

---

[22]R. 15 at ¶ 7; R. 37-2.

[23]R. 35-3.

[24]Id.

[25]Fed. R. Evid. 801, 802.

[26]Grimes v. Texas Dep't. of Mental Health and Mental Retardation, 102 F.3d 137 (5th Cir. 1996); Resolution Trust Corp. v. Starkey, 41 F.3d 1018 (5th Cir. 1995).
The court notes that neither party addresses the issue of hearsay evidence in this case and, thus, we have before us no argument in favor of any hearsay exception finding.

issue of material fact concerning the alleged reprimand to Goins by Oliver.[27]

To the extent that plaintiffs allege that GPI breached its duty to Goins by failing to provide a safe work environment, such claim must also fail.  Plaintiffs offer no evidence whatsoever in support of any such claim, other than their own assertions that the plant temperatures were too high.  An affidavit by the safety manager of the plant, John Stanley May ("May"), attests that labor relations at the plant are governed by a collective bargaining agreement between GPI and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial, and Service Workers International Union AFL-CIO (Local 654).[28]  May also attests that, during his time as safety manager, no complaints as to the temperature in the plant were received from the union or from individuals, including Goins.[29]  This directly refutes plaintiffs' unsubstantiated assertions that Goins and other employees complained to management directly about the temperatures in the plant shortly before Goins' death.  Accordingly, we find that plaintiffs have failed to demonstrate the existence of a genuine issue of material fact as to any claim that GPI breached any duty to Goins which resulted in his death by heart attack.

Having found that no genuine issue of material fact exists in this case which, if decided in plaintiffs' favor, would entitle them to relief, we also find that summary judgment should be granted as to all claims by plaintiffs against GPI's liability insurer, Liberty Mutual.  Without a finding of legal liability against GPI in this case, no judgment may be obtained as against Liberty Mutual.

---

[27]Nuwer v. Marine Post-Acute Network, 332 F.3d 310 (5th Cir. 2003); Wallace v. Texas Tech University, 80 F.3d 1042 (5th Cir. 1996).

[28]R. 35-4.

[29]Id.

7

Given our findings above, dismissal of all claims against Liberty Mutual is appropriate.

## III.   CONCLUSION

After consideration of the law and argument advanced by the parties in this case, it is the finding of this court that plaintiffs have failed to demonstrate the existence of any genuine issue of material fact in this summary judgment proceeding.  More specifically, plaintiffs offer only what the court considers "double hearsay" in support of their claim that Goins was supervised by Oliver and that Oliver threatened Goins with forfeiture of leave time if he did not immediately return to his work station.  Similarly, to the extent that plaintiffs state a claim for breach of duty by GPI which resulted in Goins' death, plaintiffs offer no evidence of such breach beyond their own assertions. As cited above, unsubstantiated allegations do not create a genuine fact issue and claims resting on such allegations will not survive a motion for summary judgment.  For that reason, we find that defendants' motion for summary judgment should be GRANTED.  The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**September 14, 2010**

**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**